ALBERT A. LEVIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

CHURCH & BRIGHTON CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ELEVEN ASSOCIATES, INCORPORATED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 60969, 60970, 60971.   Promulgated December 21, 1937.

*Albert A. Levin, Esq.*, pro se.

*J. R. Johnston, Esq.*, for the respondent.

## OPINION.

HILL: The parties have stipulated the amounts of deficiencies in tax due for the taxable years involved, as set out hereinabove, and

have submitted for decision the single issue whether or not any part of each of such deficiencies is due to fraud with intent to evade tax.

In his tax return for 1927, petitioner reported net income of $6,413.58, and paid a tax thereon of $65.56. Petitioner now admits that he should have paid a tax for that year in the amount of $22,849.76. He omitted from gross income dividends of $29,580.62, of which it is shown that he personally had knowledge.

In his 1928 return petitioner reported net income of $7,286.41, and paid a tax of $85.20. He concedes that he should have paid a tax for that year of $34,168.85. He knowingly omitted from gross income reported for 1928 proceeds from sales of securities in the amount of $332,340.35, and dividends in the sum of $33,534.20.

In his return for 1929 petitioner reported net income of $9,359.23, on which he paid a tax of $72.90. He has stipulated that the net income for that year was in fact $213,895.36, on which the correct amount of tax due was $24,235.56. He deliberately omitted from gross income reported in his return for 1929 profits realized from the sale of securities in the amount of $207,676.82 and dividends in the amount of $49,175.94.

Petitioner has not offered, nor attempted to offer, any reasonable explanation for his actions; indeed, it would, under the facts and circumstances shown, be difficult to conceive of any explanation which could lead an impartial mind to a conclusion other than that petitioner was guilty of deliberate fraud. He personally prepared his income tax returns for all years involved; they are admittedly in his own handwriting. He omitted from income reported, among other items, dividends and profits derived from sales of securities amounting in the aggregate to hundreds of thousands of dollars. Without further proof, it would be unreasonable to assume that petitioner could innocently have overlooked such large amounts of income; but we are not left to conjecture on this point. The evidence discloses not only that petitioner had sufficient records from which he could have determined his taxable income for each year, which fact he now admits, but the figures were prepared for him by his assistants and he had them before him when he made up his returns. It is unnecessary to refer in detail to numerous other facts in the record, all of which tend strongly to establish a fraudulent intent.

We hold that the stipulated deficiency for each of the taxable years is due to fraud with intent to evade tax, and pursuant to the provisions of section 275 (b) of the Revenue Act of 1926, and section 293 (b) of the Revenue Act of 1928, 50 per centum of the total amount of each deficiency (in addition to such deficiency) may be assessed and collected as a fraud penalty. Cf. *John Kehoe*, 34 B. T. A. 59; *Robert Burd*, 19 B. T. A. 734, 736; *M. Rea Gano*, 19 B. T. A. 518, 533.

Having reached the conclusion that the returns filed by petitioner were false or fraudulent with intent to evade tax, it follows that assessment and collection of the deficiencies and penalties are not barred by limitation. Sec. 278 (a), Revenue Act of 1926; sec. 276 (a), Revenue Act of 1928.

> *In Docket No. 60969, judgment will be entered under Rule 50. In Docket Nos. 60970 and 60971 judgments of no deficiencies and no penalties will be entered.*